UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHY CARDINALE, individually and on behalf of all others similarly situated,<br>    Plaintiff, | : : : : : | CIVIL ACTION NO.<br>3:09-CV-1660 (JCH) |
| v. | : : | MARCH 31, 2010 |
| QUORN FOODS, INC.,<br>    Defendant. | : : | |

**RULING RE: MOTION TO REMAND (Doc. No. 17)**

**I.    INTRODUCTION**

Plaintiff, Kathy Cardinale, brought this action individually and on behalf of others similarly situated, against Quorn Foods, Incorporated ("Quorn"), in the Connecticut Superior Court, District of Stamford-Norwalk.  See Complaint ("Cmplt.") (Doc. No. 1, Exh. 1).  Cardinale alleges injuries stemming from the consumption of Quorn products, and she seeks damages for those injuries and restitution for the purchase of those products, as well as a declaratory judgment and permanent injunction.  On October 16, 2009, Quorn removed this action to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, based on diversity jurisdiction under 28 U.S.C. § 1332(d).  Cardinale now moves to remand this action to state court, alleging that this court lacks subject matter jurisdiction because the Complaint does not meet the amount in controversy requirement of 28 U.S.C. § 1332(d).  See Motion to Remand (Doc. No. 17).  For the reasons stated below, the court grants Cardinale's Motion to Remand.

**II.     FACTUAL BACKGROUND**[1]

In September 2009, Cardinale, a resident of Arizona, filed this action in Connecticut Superior Court against Quorn, a corporation whose principal place of business is in Westport, Connecticut.  See Cmplt. at ¶¶ 1-2.  Cardinale brought the action individually as well as "on behalf of all persons in the United States who purchased any Quorn product in the three years preceding the date this lawsuit is commenced to the date of certification."  See id. at ¶ 1.  The suit is based upon injuries allegedly sustained from the consumption of Quorn food products.

Quorn food products are not natural, but are instead a "proprietary processed, vat ground, soil fungus, combined with flavorings, binders, and other substances."  Id. at ¶ 7.  While some people can consume these products safely, others have severe allergic reactions.  Id. at ¶ 8.  Furthermore, medical studies have demonstrated that Quorn's processed fungal ingredient is an allergen, and the first evidence that Quorn products might cause illness materialized in 1977.  Id. at ¶ 10.  Although labels on Quorn's products contain warnings about well-known allergens, the labels do not include warnings related to the Quorn-specific fungus.  Id. at ¶ 13.  Cardinale alleges that, on three separate occasions, she became violently ill as a result of consuming one of Quorn's frozen meatless food products.  Id. at ¶ 16.  Cardinale was not aware of the risks associated with consuming Quorn foods, and she claims that, had she known of these risks, she would not have purchased or consumed the product.  Id. at ¶¶ 15, 20.

In her Complaint, Cardinale brings two counts against Quorn.  In Count One,

---

[1] For the purpose of ruling on the Motion to Remand, the court accepts the factual allegations of the Complaint.

Cardinale alleges Quorn violated the Connecticut Unfair Trade Practices Act ("CUTPA") by engaging in false, misleading, and deceptive practices related to its products that Cardinale and other class members relied upon. Id. at ¶¶ 31-35. In Count Two, Cardinale seeks restitution for herself and other class members that Quorn knows of, or can ascertain, for the money Quorn received in exchange for its food products. Id. at 9-10. Cardinale seeks monetary damages of an amount less than $2500 for her ascertainable loss, but does not seek relief for any claims for economic or personal injury that any member of the class might assert against Quorn. Id. at 6-7, 11. In addition, Cardinale seeks a declaratory judgment, a permanent injunction, class attorneys' fees and costs of court, and all other relief which the court deems proper. Id. at 11-12.

## II.   DISCUSSION

The Class Action Fairness Act ("CAFA") provides that the "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," if that civil action is one in which (a) any member of the class is a citizen of a different state from any defendant, (b) any member of the class is a foreign state citizen or subject and the defendant is a citizen of a State, or (c) any member of the class is a citizen of a State and any defendant is a foreign state citizen or subject. 28 U.S.C. § 1332(d). "Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2d Cir. 2006). Where, as here, jurisdictional facts are challenged, "the party asserting jurisdiction must support those facts with 'competent proof' and justify [its] allegations by a

preponderance of evidence." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994). "[If] the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." Id. "Moreover, because the right to remove a state court action to federal court on diversity grounds is statutory, federal courts review compliance with the removal statute 'narrowly, resolving any doubts against removability.'" Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997) (quoting Lupo v. Human Affairs Intl. Inc., 28 F.3d 269, 273-74 (2d Cir. 1994)).

The sole issue in this case is whether CAFA's amount in controversy requirement has been met. Quorn must "show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." Blockbuster, Inc., 472 F.3d at 58. Cardinale asserts that her Complaint does not allege claims in excess of $5 million, and that Quorn has therefore not met this burden. Specifically, Cardinale contends that she only seeks monetary damages for her own "ascertainable loss of money" -- which constitutes an amount in demand of less than $2500 -- and not for damages that could be alleged by other class members. Cmplt. at 11. Further, Cardinale argues that, although she seeks restitution on behalf of class members as well as herself, the amount of restitution will not exceed $5 million because she only seeks restitution for "other class members whose identities Quorn knows or can ascertain," and not for the entire class of consumers that purchased Quorn products over the course of the past three years. Id. at 10.  Upon consideration of these arguments, the court concludes that Quorn has not adequately demonstrated that

there is a "reasonable probability" that the aggregate claims of the class are in excess of $5 million.

First, Cardinale does not seek damages on behalf of other class members, but instead only seeks damages for herself. See Cmplt. at ¶¶ 33, 35. While Quorn acknowledges that the damages Cardinale seeks on her own behalf do not independently satisfy the amount in controversy requirement, Quorn maintains that the Motion to Remand should nonetheless be denied because of the class definition Cardinale provides in her Complaint. Cardinale brings this class action on behalf of "all persons in the United States who purchased any Quorn product in the three years preceding the date this lawsuit is commenced to the date of certification." Cmplt. at ¶ 1. In light of this class definition, Quorn argues that any damages Cardinale seeks must be on behalf of the class as a whole.

The court disagrees. It is well settled that the "plaintiff is the master of the complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987). Although Cardinale may have defined the class broadly, the Complaint specifically states that Cardinale does not seek "economic, mental, or personal injury damages" for the class members. Cmplt. at ¶ 35. Therefore, in assessing Count One of the Complaint, it does not appear to "a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." Blockbuster, Inc., 472 F.3d at 58. Cardinale seeks equitable relief -- relabeling -- on behalf of the class, which Quorn has not demonstrated would be reasonably probable to cost more than $5 million.

With regard to Count Two, Cardinale seeks restitution from Quorn on behalf of herself and "other class members whose identities Quorn knows or can ascertain."

Cmplt. at 10. While Cardinale contends that her decision to limit the relief sought to only those class members that she "knows" or "can ascertain" yields an amount in controversy of less than $5 million, Quorn contends that there is a reasonable probability that the aggregate claims involved in this Count would exceed $5 million. To bolster its position, Quorn provides the declaration of James Laird, General Manager of Premier Foods, Quorn's parent corporation. See Laird Decl. (Doc. No. 2, Exh. 2) at ¶ 1. Laird represents that, for the class period (September 2006 through August 2009), Quorn's sales in the United States amounted to over $33 million in gross, and over $29 million, net. Id. at ¶ 4.

Even upon considering these sales figures, the court concludes that there is not a reasonable probability that the aggregate class claims under Count Two will exceed $5 million. It is exceedingly unlikely that Quorn "knows or can ascertain" the identities of a significant number of the consumers who purchased its products, let alone enough consumers to account for nearly one-sixth of its sales – the amount necessary to meet the $5 million threshold. This is especially true in light of the fact that these items were not distributed directly by Quorn. Because Cardinale only seeks restitution for a subset of the overall class, and because Quorn has not demonstrated a reasonable probability that the restitution paid to that subclass will exceed $5 million, this court lacks subject matter jurisdiction over Cardinale's claim.[2]

---

[2] The court also notes that, in addition to Counts One and Two, Cardinale seeks class attorneys' fees and costs of court, a declaratory judgment, a permanent injunction, and all other relief which the court deems proper. Cmplt. at 11-12. With respect to attorney's fees, the Second Circuit has held that the jurisdictional amount only includes attorney's fees that are "recoverable as a matter of right." Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56 (1972). Since Cardinale's claims are state causes of action, whether attorney's fees are recoverable as a matter of right is an issue of state law. Connecticut follows the American Rule for attorney's fees, awarding fees only

In its Opposition to the Motion to Remand, Quorn relies heavily on <u>Goodman v. Whole Foods Market, Inc. and Quorn Foods, Inc.</u>, Cause No. A-05-CA-422-LY (W.D. Tex. Aug. 26, 2005) ("<u>Goodman</u>") (Doc. No. 1, Exh. 3), in which the United States District Court for the Western District of Texas denied a Motion to Remand that closely resembled the Motion made by Cardinale in this action. In that case, Goodman also brought class claims against Quorn foods for injuries allegedly sustained as a result of allergic reactions to Quorn food products. See <u>Goodman</u> at 2. Like Cardinale's Complaint, Goodman's Complaint did not "seek relief for any claims for personal injury that have been or could have been asserted by any member of the class against either Defendant for any reason." Goodman Petition (Doc. No. 24, Exh. A). Additionally, just as Cardinale limited her restitution claim to those class members that she "knows" or "can ascertain," Goodman sought restitution only for "other class members whose identities are known to or ascertainable by either Defendant." <u>Id.</u> at 6-7.

The court concludes that <u>Goodman</u> is inapposite. Although the facts of <u>Goodman</u> bear a strong resemblance to the facts of this case, the critical difference is that in <u>Goodman</u>, the defendant was a retailer, had a direct contractual relationship with

---

where explicitly permitted by the terms of a contract or a statute. <u>Doe v. State</u>, 216 Conn. 85, 106 (1990); <u>Marsh, Day & Calhoun v. Solomon</u>, 204 Conn. 639, 653 (1987)

Connecticut General Statutes section 42-110g(d) provides: "In any action brought by a person under this section, the court *may* award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court *may* award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees." CONN. GEN. STAT. § 42-110g(d) (emphasis added). Further, the Connecticut Appellate Court has held that "[t]he trial court has discretion whether to award attorney's fees under CUTPA." <u>Riggio v. Orkin Exterminating Co., Inc.</u>, 58 Conn. App. 309, 317 (2000). Based on the statutory language and the Appellate Court's holding, the court concludes that attorney's fees are not recoverable as a matter of right under CUTPA. Accordingly, under Second Circuit precedent, the court will not consider attorney's fees in calculating the amount in controversy.

the class members, and was thus more likely to be able to ascertain the identities of a sufficient number of consumers such that there was a reasonable probability that the amount in controversy would be met.  See Reply Memorandum (Doc. No. 25) at 2. However, in this case, based upon the claims brought in Cardinale's Complaint, the court concludes that it does not appears to "a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million."  Blockbuster, Inc., 472 F.3d at 58.  Therefore, the amount in controversy requirement has not been met, Quorn has not sustained its burden of demonstrating that this court has subject matter jurisdiction over Cardinale's action, and the Motion to Remand is granted.

## IV.    CONCLUSION

For the foregoing reasons, Cardinale's Motion to Remand (Doc. No. 17) is **GRANTED.**

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 31st day of March, 2010.


        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge